UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

    -AGAINST-

MARCUS COPELAND,

        DEFENDANT.
----------------------------------X

ORDER AND MEMORANDUM
00-CR-719-01(DRH)

A P P E A R A N C E S:

For the Government:
    Benton J. Campbell
    United States Attorney
    Eastern District of New York
    One Federal Plaza
    Central Islip, New York
      By: Grace M. Cucchissi, A.U.S.A.

Defendant Pro Se:
    Marcus Copeland
    # 58615-053
    Federal Correctional Institution
    P.O. Box 1000
    Loretto, PA 15940

Former Counsel for Defendant:
    Richard D. Haley, Esq.
    1601 Veterans Memorial Highway - Suite 425
    Islandia, New York 11749

HURLEY, Senior District Judge

    By letter received on August 21, 2009, defendant has moved to be resentenced pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (as amended effective March 3, 2008).

    Defendant pled guilty on October 13, 2002, to Count 2 of a five-count indictment, which charges that on May 10, 2000, he distributed and possessed with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He was sentenced by me on July 13, 2001 to 151 months of

imprisonment to be followed by three years of supervised release. Reference to the Federal Bureau of Prison's Inmate Locator system indicates that defendant's projected release date is July 13, 2011.

Defendant was sentenced as a career offender given that he was at least eighteen years of age at the time the subject controlled substance felony was committed, and he had two prior felony convictions for controlled substances. U.S.S.G. § 4B1.1; see also PSR at ¶ 18. Given that the statutory maximum for the count of conviction is 20 years, reference to § 4B1.1(b)(C) provides that the offense level (before a deduction for acceptance of responsibility) is 32, i.e. higher than it would otherwise have been. Specifically, defendant's career offender status caused his total offense level to increase from a 26 to a 29, with a corresponding increase in the guideline range from 120 to 150 months to 151 to 188 months. Under that scenario, defendant is ineligible for the 2-level reduction for offenses involving crack cocaine. As correctly noted by the government:

> [T]he defendant's sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. Under the version of Section 2D1.1 in effect at the time of sentencing, the defendant's base offense level for the crack offense was 26; that would be reduced to 24 pursuant to Amendment 706. However, the defendant was a career offender, based on his prior convictions for other drug trafficking offenses, and accordingly his base offense level was increased to 32 pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706, and the defendant's offense

>    level remains exactly what it was at the time
>    of sentencing. Section 1B1.10 directs: "the
>    court shall substitute only the amendments
>    listed in subsection (c) for the
>    corresponding guideline provisions that were
>    applied when the defendant was sentenced and
>    shall leave all other guideline application
>    decisions unaffected." U.S.S.G. §
>    1B1.10(b)(1). Accordingly, the defendant may
>    not receive any relief under Section 1B1.10.

Gov't's Aug. 3, 2009 Letter Br. in Opp'n at 4-5.

In essence, the operative guideline range is not reduced as to this defendant notwithstanding the crack guideline amendments. His offense level at the time of sentence, and now is a 32 in that the Congress did not amend § 4B1.1. Accordingly, his application is denied.

SO ORDERED.

Dated: Central Islip, New York
       September 22, 2009

/S/
DENIS R. HURLEY, U.S.D.J.